UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEWAYNE LEWIS DUDLEY,<br>    Plaintiff,<br><br>v.<br><br>ASSISTANT WARDEN CHANO, et al.,<br>    Defendants. | Civil Action No.<br>24-13038-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Dewayne Lewis Dudley, who is confined at FMC Devens, has filed a civil complaint, a motion for appointment of counsel, and two motions to amend the complaint. For the reasons set forth below, the Court will require Dudley to resolve the filing fee, allow the motions to amend, require Dudley to file an amended complaint, and deny without prejudice the motion for appointment of counsel.

**I.   Filing Fee**

The fee for commencing a non-habeas civil action is $405, which consists of a $350 statutory fee, see 28 U.S.C. § 1914(a), and a $55 administrative fee. A litigant may ask the Court for permission to proceed without prepayment of the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs (to which the Court refers as a motion for leave to proceed in forma pauperis). Where, as here, the

plaintiff is a prisoner, the Application must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

If a prisoner plaintiff is allowed to proceed in forma pauperis, the prisoner may prosecute the action without paying the entire filing fee upfront.  However, the prisoner is still required to pay the $350 statutory filing fee over time, regardless of the duration or outcome of the action.  See 28 U.S.C. § 1915(b).

If Dudley wishes to continue with this action, she[1] must either (1) immediately pay the entire $405 filing fee; or (2) seek leave to pay the filing fee over time by filing a motion for leave to proceed in forma pauperis with the required prison account statement.

II. **Filing of an Amended Complaint**

    A.    Original Pleading

On the first page of her "complaint" (Docket # 1), Dudley seeks an emergency injunction to "immediately" stop the "collection and copy" of inmates' legal mail, appointment of

---

[1] Because Dudley identifies as female, the Court will use the pronoun "she" when referring to the plaintiff.

counsel, and a "request for production of documents." Compl. at 1. On the following two pages of the document are five numbered paragraphs identified as separate "complaints." Id. at 2-3. The first paragraph concerns Dudley's inability to have her broken dentures replaced. Id. at 2. In the second "complaint," Dudley alleges that she was wrongfully transferred to FMC Devens and classified as a sex offender. Id. In the third "complaint," Dudley alleges, "Mr. Wennerberg Trust Fund Manager has refused to allow access to commissary items sold to females and transgenders on high security higher security yards [and] refuses to allow me to purchase mascara, lipstick and eye pencils." Id. (cleaned up). The fourth "complaint" concerns "the violation and disregard for inmate legal mail from courts." Id. The fifth "complaint," concerns Dudley's prison assignment after she has gender transition surgery. Id. at 2-3. Other pages include administrative grievances she made concerning the loss or damage of personal property after a correction officer packed her belongings, a request that the government provide transcripts of proceedings in a separate action, what appears to be part of a letter to the Bureau of Prisons concerning placement after gender transition surgery, and additional allegations and legal arguments concerning medical care and prison assignments for herself and other transgender inmates. (Docket # 1-1).

3

B.  **Motions to Amend**

In her first motion to amend (Docket # 6), Dudley asks that the Court "adopt and mirror the ruling by" a judge sitting in the United States District Court for the Southern District of Illinois concerning the "minimum acceptable qualifications . . . for transgender treatment and current and ongoing medical decisions by Staff who are not qualified to making those decisions," and that the Court require the Bureau of Prison's Transgender Executive Committee to provide "documentation that meet or exceeds" the standards set forth in that order.  Id. at 1.

In her second motion to amend (Docket # 7), Dudley asks to add "the entire Transgender population currently incarcerated in the Federal Bureau of Prisons," to the lawsuit and appoint counsel to represent transgender inmates in each prison.  Id. at 1.  Dudley states that "Plaintiffs seek a full stop to the enforcement of the Executive Orders signed by President Trump."  Id.

C.  **Requirements for an Amended Complaint**

Because Dudley may amend her complaint once as a matter of right at this state of the litigation, see Fed. R. Civ. P. 15(a)(1), the Court will allow her motions to amend.  Further, because the original complaint does not meet the pleading requirements, the Court will require her to file an amended

4

complaint. The amended complaint will completely supersede the original complaint and any proposed material in the motions to amend. The Court will review the sufficiency of the amended complaint without reference to Dudley's earlier filings.

### 1. Stating a Claim for Relief

A complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure ("Rule 8(a)(2), which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)).

The requirement of a "short and plain" statement of a claim "proscribes the obfuscation of the plaintiff's claims." Kensu v. Corizon, Inc., 5 F.4th 646, 651 (6th Cir. 2021). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Miranda v. United States, 105 Fed. App'x 280, 281 (1st Cir. 2004) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 522 (2d ed. 1990)).

5

Similarly, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011).

Further, the pleading must show that the plaintiff "is entitled to relief." In other words, the complaint must contain sufficient factual allegations, which, treated as true, reasonably infer that the plaintiff is entitled to relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of the complaint, the Court only considers "well-pleaded" factual allegations. Id. at 678-79. Pleadings that "are no more than conclusions[] are not entitled to the presumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. While a pleading does not have to contain every factual detail necessary to ultimately

succeed on the claim, it must contain sufficient factual material which, treated as true, "allows the court to draw the reasonable inference" that <u>each</u> defendant "is liable for the alleged misconduct." <u>Id.</u> at 678.[2]

In addition, a complaint must comply with Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct"). Further, the title of a complaint "must name all the parties," Fed. R. Civ. P. 10(a)), and the claims should be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

### 2.   Proper Joinder of Defendants[3]

When a plaintiff names multiple defendants in a lawsuit, the claims must be limited to those that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law of fact common to all

---

[2] If Dudley names more than one defendant named in the amended complaint, the amended complaint may refer to "defendants" collectively only when the Court may reasonably infer that each defendant engaged in the same alleged misconduct.

[3] Dudley asks in one of her motions to amend (Docket # 7), that a specific prisoner be added as a plaintiff to this action, and Dudley states that this prisoner will be the spokesperson "for the case from today forward." <u>Id.</u> at 1. While the joinder of plaintiffs is permissible under certain circumstances, <u>see</u> Fed. R. Civ. P. 20(a)(1), a non-attorney plaintiff cannot represent a co-plaintiff or any other person. <u>See</u> 28 U.S.C. § 1654; <u>Lattanzio</u> v. <u>COMTA</u>, 481 F.3d 137, 139 (2d Cir. 2007); <u>Deo-Agbasi</u> v. <u>Parthenon Group</u>, 229 F.R.D. 348, 353 (D. Mass. 2005); Local Rule 83.5.5(a)(b) (D. Mass.).

7

defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In other words, "[w]here a plaintiff brings claims against more than one defendant in a single lawsuit, plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.). The Court cannot discern a claim common to all defendants in Dudley's original complaint and materials in the motion to amend.

If Dudley wishes to proceed with this action, she must file an amended complaint that complies with the limitation on the joinder of defendants set forth in Rule 20. This will require Dudley to omit some, if not many, of the defendants and claims. Of course, Dudley is free to bring separate lawsuits to assert any claims she must omit from this action to comply with Rule 20, but she will be required to pay (at the time of filing or over time) a separate filing fee for each case.

### III. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The appointment of counsel for

8

an indigent party is only required when exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See id. In considering whether the appointment of counsel is necessary, the Court considers the "total situation," including "the merits of the case, the complexity of the legal issues, . . . the litigant's ability to represent himself," id. at 24, and the efforts the litigant has made to obtain legal representation.

At this juncture, the Court cannot determine whether this case presents exceptional circumstances requiring the appointment of pro bono counsel. If Dudley files an amended complaint that sets forth a claim upon which relief can be granted, she may file a renewed motion for counsel once the defendants have been served with and responded to the pleading.

**ORDER**

In accordance with the foregoing:

1) If Dudley wishes to continue with this action, she must either (1) pay the entire $405 filing fee; or (2) seek leave to pay the filing fee over time by filing a motion for leave to proceed in forma pauperis with the required prison account statement.

    Failure to do so within thirty-five (35) days will result in dismissal of this action without prejudice.

    The Clerk shall provide Dudley with an Application to Proceed in District Court Without Prepaying Fees or Costs.

2)   The motions to amend (Docket ## 6, 7,) are **ALLOWED**.

3)   If Dudley wishes to proceed with this action, she must file an amended complaint which complies with the above-discussed pleading requirements.

Failure to do so within thirty-five (35) days will result in dismissal of this action without prejudice.

4)   The motion for appointment of counsel (Docket # 5) is **DENIED** without prejudice.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: May 12, 2025

10